BOWMAN, ETC. *v.* BOWMAN'S ADMR. AND BOWMAN'S ADMR. *v.* R. H. FIELD.

**Executors and Administrators—Amount to be Allowed for Collecting Debts.**

Five per cent is the usual allowance made to personal representatives as compensation for the amount collected by them, and sometimes a commission of 5 per cent will be allowed only on disbursements, but it may be allowed on the amount collected, and in cases of much trouble and difficulty in collecting, when the debts are small, seven per cent may be allowed, but to authorize such an allowance the difficulties enumerated must be proven.

**Executors and Administrators—Administrator Acts as Commissioner.**

Where a personal representative acts as commissioner on making sales of land belonging to the decedent's estate, a reasonable allowance should be made to him in addition to his commission.

**Usury—Statute of Limitations.**

More than three years had elapsed from the payment of the debts before the administrator made an effort to reclaim the usury included in the notes. The plea of the statute of limitations is a complete bar.

APPEAL FROM BULLITT CIRCUIT COURT.

September 7, 1871.

OPINION BY JUDGE PETERS:

Appellants complain that the commission allowed the administrators of 7 per cent. on the amount collected of his intestate is too liberal.

Five per cent. is the usual allowance made to personal repre-
sentatives as ,compensation for the amount collected by them,
and it is sometimes said that the commission of 5 per cent. will
be allowed on actual disbursements, but it may and is often al-
lowed on the amount collected, and it is doubtless competent for
the court in settling the accounts of administrators to allow
7 per cent. as compensation, in cases of much trouble and diffi-
culty in making collections where the debts are small and trouble
great, and settlements difficult, but to authorize such allowance
the existence of the difficulties enumerated, or some of them,
should be proved. In this case there is no sufficient evidence ex-
hibited, or reason given for the extraordinary allowance to the
administrator. And appellants' exceptions to that item of the
report should be sustained and his allowance reduced to 5 per
cent. on the amount disbursed by the administrator. If he acted
as commissioner on making the sale of the tracts of land, a rea-
sonable allowance should be made to him in addition for that
service.

Wilson & Field, after having presented an account for services
as follows: Geo. Bowman's Admr. to Wilson & Field, Dr. For
bringing suit to settle the estate of G. W. Bowman, preparing
claims of Bowman's estate against other estates, and advice
to administrator concerning claims against the estate, and ad-
vice in reference to the general estate and examination of claims
against the estate $200, which was allowed in the report of
debts made by the commissioner in April, 1864. On the 11th of
June, 1869, it appears that A. H. Field, Esq., filed an additional
claim, which is as follows: "To additional services in manage-
ment of and conducting suit of *G. W. Bowman's Administrator
v. H.*"

This claim was rejected by the master, Field excepted to the
report, the exceptions were sustained by the court below and an
allowance made to Wm. Wilson of $50 and to A. H. Field $150,
in the judgment, and of these two allowances appellants com-
plain.

The first allowance embraced their claim for bringing the
suit and prosecuting it to the time when the allowance was made
—other services were doubtless rendered by them valuable to

the estate—and we are not authorized to conclude contrary to the opinion of the circuit judge, who sustained an exception to the master's report for rejecting the claims of Field and Wilson that they should not be allowed, the judgment, therefore, allowing these claims is approved.

More than three years had elapsed from the payment of the debts of R. H. Field before the administrator made an effort to reclaim the usury included in the notes. And Field has pleaded, and relies on the statute of limitations as a bar, which plea must be available to bar the claim even if it had been satisfactorily made out. *Myer's Supp.* 292. The act referred to was approved the 17th of March, 1862, and took effect from its passage. But the judgment so far as Carpenter is allowed 7 per cent. for commissions is *reversed* and the cause is remanded for further proceedings consistent herewith.

The judgment on the appeal of Bowman's *administrator* against R. H. Field is *affirmed.*

*R. H. Field, A. H. Field, for appellee.*